UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CRYSTAL CARPENTER,<br>*On behalf of herself, FLSA Collective Plaintiffs, and Class Members*,<br><br>                                             *Plaintiff,*<br><br>        -against-<br><br>SHAKE SHACK ENTERPRISES LLC,<br><br>                                             *Defendant.* | 25 Civ. 1465 (BMC)<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT** |

Defendant Shake Shack Enterprises LLC ("Shake Shack" or "Defendant"), by its attorneys, Epstein Becker & Green, P.C., hereby submit this answer to Plaintiff Crystal Carpenter's ("Plaintiff"), Collective and Class Action Complaint ("Complaint"). Defendant denies or reserves the right to challenge any assertion in the Complaint not expressly admitted in this Answer. With respect to matters in this Answer that may constitute a legal defense, Defendant reserves the right to argue that Plaintiffs bear the burden of proof as to some or all of those matters. Defendant answers Plaintiff's Complaint as follows:

## AS TO "INTRODUCTION"

1.      The allegations in Paragraph 1 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 1 of the Complaint. Defendant denies that it engaged in any wrongful or unlawful conduct and denies that it is liable in any way to Plaintiff, Crystal Carpenter or any other party.

2.      The allegations in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the

allegations set forth in paragraph 2 of the Complaint, except admits that Plaintiff purports to bring claims under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York City Fair Workweek law ("NYCFWW"), and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

3.    Defendant denies the allegations set forth in paragraph 3 of the Complaint.

4.    Defendant denies the allegations set forth in paragraph 4 of the Complaint.

5.    The allegations in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 5 of the Complaint, except admits that Plaintiff purports to bring claims under New York City Wrongful Discharge Law ("NYCWDL") and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

6.    The allegations in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 6 of the Complaint.

### AS TO "CLAIMS"

7.    The allegations in paragraph 7 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 7 of the Complaint, except admits that Plaintiff purports to bring claims under the FLSA, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents. Defendant further denies that this case is appropriate for collective or class adjudication.

8.    The allegations in paragraph 8 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the

2

allegations set forth in paragraph 8 of the Complaint, except admits that Plaintiff purports to bring claims under the NYLL, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents. Defendant further denies that this case is appropriate for collective or class adjudication.

9.      The allegations in paragraph 9 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 9 of the Complaint, except admits that Plaintiff purports to bring claims under the NYCFWW, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents. Defendant further denies that this case is appropriate for collective or class adjudication.

10.      The allegations in paragraph 10 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 10 of the Complaint, except admits that Plaintiff purports to bring claims under the Age Discrimination in Employment Act ("ADEA"), and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

11.      The allegations in paragraph 11 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 11 of the Complaint, except admits that Plaintiff purports to bring claims under the New York State Human Rights Law ("NYSHRL"), and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

12.      The allegations in paragraph 12 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 12 of the Complaint, except admits that Plaintiff purports to bring

claims under the New York City Human Rights Law ("NYCHRL"), and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

13. The allegations in paragraph 13 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 13 of the Complaint, except admits that Plaintiff purports to bring claims under the NYCWDL, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

<u>**AS TO "JURISDITION, VENUE, AND STATUTORY PREREQUISITES"**</u>

14. Defendant denies the allegation set forth in Paragraph 14 of the Complaint, except admits that Plaintiff purports to set forth the basis for the jurisdiction of this Court as set forth therein, and respectfully refers all matters of law to the Court.

15. Defendant denies the allegation set forth in Paragraph 15 of the Complaint, except admits that Plaintiff purports to set forth the basis for the jurisdiction of this Court as set forth therein, and respectfully refers all matters of law to the Court.

16. The allegations in paragraph 16 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 16 of the Complaint, and respectfully refers the Court to the exhibits annexed to the Complaint for a complete and accurate statement of their contents.

17. The allegations set forth in paragraph 17 of the Complaint purport to set forth conclusions of law for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 17 of the Complaint, and respectfully refers the Court to the exhibits annexed to the Complaint for a complete and accurate statement of their contents.

18.    The allegations set forth in paragraph 18 of the Complaint purport to set forth conclusions of law for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 18 of the Complaint, except admits that Defendant currently employs more than 20 employees.

19.    The allegations set forth in paragraph 19 of the Complaint purport to set forth conclusions of law for which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 19 of the Complaint, and respectfully refers the Court to the cited case law and Executive Orders for a complete and accurate statement of their contents.

20.    The allegations set forth in paragraph 20 of the Complaint purport to set forth conclusions of law for which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 20 of the Complaint, except admits that Defendant's annual volume of sales exceeded $500,000.

21.    The allegations set forth in paragraph 21 of the Complaint purport to set forth conclusions of law for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22.    The allegations set forth in paragraph 22 of the Complaint purport to set forth conclusions of law for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 22 of the Complaint, and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

23.    The allegations set forth in paragraph 23 of the Complaint purport to set forth conclusions of law for which no response is required. To the extent a response is required,

Defendant denies the allegations set forth in paragraph 23 of the Complaint, and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

24. The allegations set forth in paragraph 24 of the Complaint purport to set forth conclusions of law for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 24 of the Complaint.

## AS TO "THE PARTIES"

25. Defendant denies knowledge or information sufficient to ascertain the truth of the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint, except admits that Shake Shack is a domestic limited liability company organized under the laws of the State of New York, and maintains offices at 225 Varick Street, New York, NY 10014.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint, except admits that Shake Shack operates multiple facilities across the state of New York.

28. The allegations in paragraph 28 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 28 of the Complaint.

    a. Defendant denies the allegations set forth in paragraph 28(a) of the Complaint.

    b. Defendant denies the allegations set forth in paragraph 28(b) of the Complaint, and respectfully refers the Court to the cited employment policies for a complete and accurate statement of their contents.

    c. Defendant denies the allegations set forth in paragraph 28(c) of the Complaint, and respectfully refers the Court to the cited employment policies for a complete and accurate statement of their contents.

d. Defendant denies the allegations set forth in paragraph 28(d) of the Complaint, and respectfully refers the Court to Plaintiff's payroll records for a complete and accurate statement of their contents.

### AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

29. The allegations in paragraph 29 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 29 of the Complaint, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents. Defendant further denies that this case is appropriate for collective or class adjudication.

30. The allegations in paragraph 30 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 30 of the Complaint, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

31. The allegations in paragraph 31 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 31 of the Complaint, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

### AS TO "RULE 23 CLASS ACTION ALLEGATIONS"

32. The allegations in paragraph 32 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 32 of the Complaint, and respectfully refers the Court to the cited Rule for a complete and accurate statement of its contents. Defendant further denies that this case is appropriate for collective or class adjudication.

33. The allegations in paragraph 33 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 33 of the Complaint, and respectfully refers the Court to the cited Rule for a complete and accurate statement of its contents. Defendant further denies that this case is appropriate for collective or class adjudication.

34. The allegations in paragraph 34 and sub-paragraphs 34(a)-(f) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth therein, and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

35. The allegations in paragraph 35 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 35 of the Complaint, and respectfully refers the Court to the cited Rule for a complete and accurate statement of its contents.

36. The allegations in paragraph 36 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. The allegations in paragraph 37 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38. The allegations in paragraph 38 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38

of the Complaint. Defendant further denies that this case is appropriate for collective or class adjudication.

39.    The allegations in paragraph 39 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 39 of the Complaint, and denies that this case is appropriate for collective or class adjudication.

40.    The allegations in paragraph 40 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 40 of the Complaint, and denies that this case is appropriate for collective or class adjudication.

41.    The allegations in paragraph 41 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 41 of the Complaint, and denies that this case is appropriate for collective or class adjudication.

42.    The allegations in paragraph 42 and sub-paragraphs 42(a) – (h) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth therein, and denies that this case is appropriate for collective or class adjudication.

## AS TO "STATEMENT OF FACTS"

### *"Plaintiff's Employment at Shake Shack"*

43.    Defendant denies knowledge or information sufficient to ascertain the truth of the allegations in paragraph 43 of the Complaint, and on that basis denies those allegations.

9

44.    Defendant denies the allegations set forth in paragraph 44 of the Complaint, except admits that Plaintiff was employed with Shake Shack from approximately March 28, 2016 to June 12, 2024.

45.    Defendant denies the allegations set forth in paragraph 45 of the Complaint, except admits that Plaintiff previously worked with Shake Shack in the title of "Cross Trainer," and was assigned to perform work in a Downtown Brooklyn, New York, location.

46.    Defendant denies the allegations set forth in paragraph 46 of the Complaint, except admits that Plaintiff previously worked with Shake Shack in the title of "Shift Manager" and was assigned to perform work at a Shake Shack location in the Kings Plaza shopping center in Brooklyn, New York ("Kings Plaza").

47.    Defendant denies the allegations set forth in paragraph 47 of the Complaint, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

48.    Defendant denies the allegations set forth in paragraph 48 of the Complaint.

49.    Defendant denies the allegations set forth in paragraph 49 of the Complaint.

50.    Defendant denies the allegations set forth in paragraph 50 of the Complaint.

51.    Defendant denies the allegations set forth in paragraph 51 of the Complaint.

52.    Defendant denies the allegations set forth in paragraph 52 of the Complaint.

53.    Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54.    Defendant denies the allegations set forth in paragraph 54 of the Complaint.

"***Class And Collective Action Claims for Unpaid Regular and Overtime Wages***"

55.     Defendant denies the allegations set forth in paragraph 55 of the Complaint, and respectfully refers the Court to Plaintiff's payroll records for a complete and accurate statement of its contents.

56.     Defendant denies the allegations set forth in paragraph 56 of the Complaint.

57.     Defendant denies the allegations set forth in paragraph 57 of the Complaint, and denies that the case is appropriate for collective or class adjudication.

58.     Defendant denies the allegations set forth in paragraph 58 of the Complaint.

59.     Defendant denies all allegations set forth in paragraph 59 and sub-paragraphs 59(a) – 59(c) of the Complaint, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

60.     Defendant denies the allegations set forth in paragraph 60 of the Complaint, and denies that the case is appropriate for collective or class adjudication.

61.     Defendant denies the allegations set forth in paragraph 61 of the Complaint.

62.     Defendant denies the allegations set forth in paragraph 62 of the Complaint.

63.     Defendant denies the allegations set forth in paragraph 63 of the Complaint, and denies that the case is appropriate for collective or class adjudication.

64.     Defendant denies the allegations set forth in paragraph 64 of the Complaint.

65.     Defendant denies the allegations set forth in paragraph 65 of the Complaint.

66.     Defendant denies the allegations set forth in paragraph 66 of the Complaint, and denies that the case is appropriate for collective or class adjudication.

67.     Defendant denies the allegations set forth in paragraph 67 of the Complaint, and denies that the case is appropriate for collective or class adjudication.

68.    Defendant denies the allegations set forth in paragraph 68 and in footnote 1 of the Complaint, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents. Defendant further denies that this case is appropriate for collective or class adjudication.

69.    Defendant denies the allegations set forth in paragraph 69 of the Complaint, and denies that the case is appropriate for collective or class adjudication.

### *"NYCFWW Claims on Behalf of Plaintiff and the NYC Subclass"*

70.    Defendant denies the allegations set forth in paragraph 70 of the Complaint.

71.    Defendant denies the allegations set forth in paragraph 71 of the Complaint, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

72.    Defendant denies the allegations set forth in paragraph 72 of the Complaint, and denies that the case is appropriate for collective or class adjudication.

73.    Defendant denies the allegations set forth in paragraph 73 of the Complaint.

74.    Defendant denies the allegations set forth in paragraph 74 of the Complaint.

75.    Defendant denies the allegations set forth in paragraph 75 of the Complaint, and denies that the case is appropriate for collective or class adjudication.

76.    Defendant denies the allegations set forth in paragraph 76 of the Complaint, and denies that the case is appropriate for collective or class adjudication.

77.    The allegations in paragraph 77 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 77 of the Complaint, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

78.    The allegations in paragraph 78 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 78 of the Complaint, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

79.    Defendant denies the allegations set forth in paragraph 79 of the Complaint.

80.    Defendant denies the allegations set forth in paragraph 80 of the Complaint.

81.    Defendant denies the allegations set forth in paragraph 81 of the Complaint, and denies that the case is appropriate for collective or class adjudication.

82.    Defendant denies the allegations set forth in paragraph 82 of the Complaint.

83.    Defendant denies the allegations set forth in paragraph 83 of the Complaint, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

84.    Defendant denies the allegations set forth in paragraph 84 of the Complaint, and denies that the case is appropriate for collective or class adjudication.

85.    Defendant denies the allegations set forth in paragraph 85 of the Complaint, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

### *"Age and Caregiver Status Discrimination, Retaliation, Hostile Work Environment, and Wrongful Discharge Claims"*

86.    Defendant denies the allegations set forth in paragraph 86 of the Complaint, except admits that Plaintiff previously worked with Shake Shack in the title of Shift Manager, was assigned to Kings Plaza, and reported to supervisors at the Kings Plaza facility.

87.     Defendant denies the allegations set forth in paragraph 87 of the Complaint, except admits that it employed Shellyann Lovelace in the title of General Manager and Giuliano Fernandez in the title of Assistant General Manager, who were both assigned to Shake Shack's Kings Plaza facility.

88.     Defendant denies the allegations set forth in paragraph 88 of the Complaint, except admits that it employed Nicholas Barnes in the title of Manager and that he was assigned to Shake Shack's Kings Plaza facility.

89.     Defendant denies the allegations set forth in paragraph 89 of the Complaint.

90.     Defendant denies the allegations set forth in paragraph 90 of the Complaint.

91.     Defendant denies the allegations set forth in paragraph 91 of the Complaint.

92.     Defendant denies the allegations set forth in paragraph 92 of the Complaint.

93.     Defendant denies the allegations set forth in paragraph 93 of the Complaint.

94.     Defendant denies the allegations set forth in paragraph 94 of the Complaint.

95.     Defendant denies the allegations set forth in paragraph 95 of the Complaint.

96.     Defendant denies the allegations set forth in paragraph 96 of the Complaint.

97.     Defendant denies the allegations set forth in paragraph 97 of the Complaint.

98.     Defendant denies the allegations set forth in paragraph 98 of the Complaint.

99.     The allegations in paragraph 99 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 99 of the Complaint.

100.    Defendant denies the allegations set forth in paragraph 100 of the Complaint.

101.    Defendant denies the allegations set forth in paragraph 101 of the Complaint.

102.    Defendant denies the allegations set forth in paragraph 102 of the Complaint.

14

103. Defendant denies the allegations set forth in paragraph 103 of the Complaint, and respectfully refers the Court to the Shake Shack Code of Business Conduct and Ethics, for a complete and accurate statement of its contents.

104. Defendant denies the allegations set forth in paragraph 104 of the Complaint.

105. Defendant denies the allegations set forth in paragraph 105 of the Complaint.

106. Defendant denies knowledge or information sufficient to ascertain the truth of the allegations set forth in paragraph 106 of the Complaint, and on that basis denies those allegations.

107. Defendant denies knowledge or information sufficient to ascertain the truth of the allegations set forth in paragraph 107 of the Complaint, and on that basis denies those allegations.

108. Defendant denies the allegations set forth in paragraph 108 of the Complaint.

109. Defendant denies the allegations set forth in paragraph 109 of the Complaint.

110. Defendant denies the allegations set forth in paragraph 110 of the Complaint.

111. Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations set forth in paragraph 111 of the Complaint, and on that basis denies those allegations.

112. Defendant denies the allegations set forth in paragraph 112 of the Complaint.

113. Defendant denies the allegations set forth in paragraph 113 of the Complaint.

114. Defendant denies the allegations set forth in paragraph 114 of the Complaint.

115. Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations set forth in paragraph 115 of the Complaint, and on that basis denies those allegations.

116. Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations set forth in paragraph 116 of the Complaint, and on that basis denies those allegations.

117. Defendant denies the allegations set forth in paragraph 117 of the Complaint.

118. Defendant denies the allegations set forth in paragraph 118 of the Complaint.

119.    Defendant denies the allegations set forth in paragraph 119 of the Complaint.

120.    Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations set forth in paragraph 120 of the Complaint, and on that basis denies those allegations.

121.    Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations set forth in paragraph 121 of the Complaint, and on that basis denies those allegations.

122.    Defendant denies the allegations set forth in paragraph 122 of the Complaint.

123.    Defendant denies the allegations set forth in paragraph 123 of the Complaint, and denies knowledge or information concerning the alleged "policy" referenced therein.

124.    Defendant denies the allegations set forth in paragraph 124 of the Complaint.

125.    Defendant denies the allegations set forth in paragraph 125 of the Complaint.

126.    Defendant denies the allegations set forth in paragraph 126 of the Complaint.

127.    Defendant denies the allegations set forth in paragraph 127 of the Complaint, except admit that Plaintiff's employment with Shake Shack was terminated on or about June 12, 2024.

128.    Defendant denies the allegations set forth in paragraph 128 of the Complaint, and respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

129.    Defendant denies the allegations set forth in paragraph 129 of the Complaint, and respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

130.    Defendant denies the allegations set forth in paragraph 130 of the Complaint.

131.    Defendant denies the allegations set forth in paragraph 131 of the Complaint.

132.    Defendant denies the allegations set forth in paragraph 132 of the Complaint.

16

133. Defendant denies the allegations set forth in paragraph 133 of the Complaint, and respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

134. Defendant denies the allegations set forth in paragraph 134 of the Complaint, and respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

135. Defendant denies the allegations set forth in paragraph 135 of the Complaint, and respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

136. Defendant denies the allegations set forth in paragraph 136 of the Complaint.

137. Defendant denies the allegations set forth in paragraph 137 of the Complaint.

138. Defendant denies the allegations set forth in paragraph 138 of the Complaint.

139. Defendant denies the allegations set forth in paragraph 139 of the Complaint.

140. Defendant denies the allegations set forth in paragraph 140 of the Complaint.

141. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 141 of the Complaint.

## AS TO "CAUSES OF ACTION"

### *"Count I – Age Discrimination, Retaliation, and Hostile Work Environment Against All Defendants in Violation of the ADEA"*

142. In response to paragraph 142 of the Complaint, Defendant repeats and re-alleges its responses to paragraphs 1 through 141, as if fully set forth herein.

143. The allegations set forth in paragraph 143 of the Complaint purport to set forth conclusions of law for which no response is required. To the extent an answer is required, Defendant denies the allegations set forth in this paragraph.

17

144.    The allegations set forth in paragraph 144 of the Complaint purport to set forth conclusions of law for which no response is required. To the extent an answer is required, Defendant denies the allegations set forth in this paragraph.

145.    Defendant denies the allegations set forth in paragraph 145 of the Complaint.

146.    Defendant denies the allegations set forth in paragraph 146 of the Complaint.

147.    Defendant denies the allegations set forth in paragraph 147 of the Complaint.

148.    Defendant denies the allegations set forth in paragraph 148 of the Complaint.

149.    Defendant denies the allegations set forth in paragraph 149 of the Complaint.

150.    Defendant denies the allegations set forth in paragraph 150 of the Complaint.

151.    Defendant denies the allegations set forth in paragraph 151 of the Complaint.

152.    Defendant denies the allegations set forth in paragraph 152 of the Complaint.

153.    Defendant denies the allegations set forth in paragraph 153 of the Complaint.

### *"Count II – Age and Caregiver Status Discrimination, Retaliation, and Hostile Work and Educational Environment Against Shake Shack Under the NYSHRL and NYCHRL"*

154.    In response to paragraph 154 of the Complaint, Defendant repeats and re-alleges its responses to paragraphs 1 through 153, as if fully set forth herein.

155.    Defendant denies the allegations set forth in paragraph 155 of the Complaint.

156.    Defendant denies the allegations set forth in paragraph 156 of the Complaint.

157.    Defendant denies the allegations set forth in paragraph 157 of the Complaint.

158.    Defendant denies the allegations set forth in paragraph 158 of the Complaint.

159.    Defendant denies the allegations set forth in paragraph 159 of the Complaint.

160.    Defendant denies the allegations set forth in paragraph 160 of the Complaint.

161.    Defendant denies the allegations set forth in paragraph 161 of the Complaint.

162.    Defendant denies the allegations set forth in paragraph 162 of the Complaint.

163.    Defendant denies the allegations set forth in paragraph 163 of the Complaint.

164.    Defendant denies the allegations set forth in paragraph 164 of the Complaint.

165.    Defendant denies the allegations set forth in paragraph 165 of the Complaint.

166.    Defendant denies the allegations set forth in paragraph 166 of the Complaint.

167.    Defendant denies the allegations set forth in paragraph 167 of the Complaint.

168.    Defendant denies the allegations set forth in paragraph 168 of the Complaint.

169.    Defendant denies the allegations set forth in paragraph 169 of the Complaint, except admits that she purports to proceed as set forth therein.

### *"Count III – Wrongful Discharge in Violation of the NYCWDL"*

170.    In response to paragraph 170 of the Complaint, Defendant repeats and re-alleges its responses to paragraphs 1 through 169, as if fully set forth herein.

171.    The allegations set forth in paragraph 171 of the Complaint purport to set forth conclusions of law for which no response is required. To the extent an answer is required, Defendant denies the allegations set forth in this paragraph and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

172.    The allegations set forth in paragraph 172 of the Complaint purport to set forth conclusions of law for which no response is required. To the extent an answer is required, Defendant denies the allegations set forth in this paragraph and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

173.    Defendant denies the allegations set forth in paragraph 173 of the Complaint.

174.    Defendant denies the allegations set forth in paragraph 174 of the Complaint.

### *"Count IV – Collective-Wide Violation of the FLSA"'*

175.    In response to paragraph 175 of the Complaint, Defendant repeats and re-alleges its responses to paragraphs 1 through 174, as if fully set forth herein.

176.    The allegations in paragraph 176 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 176 of the Complaint, and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

177.    The allegations in paragraph 177 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 177 of the Complaint, and denies that this case is appropriate for collective or class adjudication.

178.    The allegations set forth in paragraph 178 of the Complaint purport to set forth conclusions of law for which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 178 of the Complaint, except admits that Defendant's annual volume of sales exceeded $500,000.

179.    Defendant denies the allegations set forth in paragraph 179 of the Complaint.

180.    The allegations in paragraph 180 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 180 of the Complaint, and denies that this case is appropriate for collective or class adjudication.

181.    The allegations in paragraph 181 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 181 of the Complaint, and denies that this case is appropriate for collective or class adjudication.

182.    The allegations in paragraph 182 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 182 of the Complaint.

183.    Defendant denies the allegations set forth in paragraph 183 of the Complaint.

### *"Count V – Rule 23 Class-Wide Violation of the NYLL"*

184.    In response to paragraph 184 of the Complaint, Defendant repeats and re-alleges its responses to paragraphs 1 through 183, as if fully set forth herein.

185.    The allegations in paragraph 185 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 185 of the Complaint, and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

186.    Defendant denies the allegations set forth in paragraph 186 of the Complaint, and denies that this case is appropriate for collective or class adjudication.

187.    Defendant denies the allegations set forth in paragraph 187 of the Complaint, and denies that this case is appropriate for collective or class adjudication.

188.    Defendant denies the allegations set forth in paragraph 188 of the Complaint, and denies that this case is appropriate for collective or class adjudication.

189.    Defendant denies the allegations set forth in paragraph 189 of the Complaint, and denies that this case is appropriate for collective or class adjudication.

### *"Count VI – NYC Subclass-Wide Violations of the NYCFWW"*

190.    In response to paragraph 190 of the Complaint, Defendant repeats and re-alleges its responses to paragraphs 1 through 189, as if fully set forth herein.

191.    The allegations in paragraph 191 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 191 of the Complaint, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

192.    The allegations in paragraph 192 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 192 of the Complaint, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

193.    Defendant denies the allegations set forth in paragraph 193 of the Complaint.

194.    Defendant denies the allegations set forth in paragraph 194 of the Complaint.

## AS TO "RELIEF SOUGHT"

Defendant denies the allegations in this section of the Complaint, and specifically denies that it violated the FLSA, NYLL, ADEA, NYCHRL, NYSHRL, NYCFWW, NYCWDL, and any other law, rule, or regulation, or engaged in any unlawful conduct that could give rise to any claims, and denies that Plaintiff or any putative "collective" or "class" member is entitled to recover any relief whatsoever from Defendant. Defendant further specifically denies that the case is appropriate for collective or class action adjudication.

## FIRST DEFENSE

1.    The Complaint is barred, in whole or in part, because the allegations fail to state a claim for which relief can be granted.

## SECOND DEFENSE

2.    The Complaint is barred as Plaintiff has failed to join necessary and indispensable parties.

22

**THIRD DEFENSE**

3.     The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies, or both.

**FOURTH DEFENSE**

4.     Plaintiff's claims on behalf of members of the putative class action or collective action she purports to represent in this action are barred, in whole or in part, because she and other putative class action or collective action members were exempt from the statutory requirements that Plaintiff alleges were violated.

**FIFTH DEFENSE**

5.     The Complaint is barred, in whole or in part, because Plaintiff was paid all remuneration on a timely basis owed to her under the applicable laws, rules and regulations.

**SIXTH DEFENSE**

6.     The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

**SEVENTH DEFENSE**

7.     Plaintiff and all other members of the putative class action or collective action were properly paid for all hours worked.

**EIGHTH DEFENSE**

8.     This case does not satisfy the requirements for proceeding as a collective action under the FLSA. Plaintiff has failed to define a collective action clearly and objectively, and Plaintiff is not similarly situated to any other employee for purposes of the allegations and claims made in this lawsuit.

**NINTH DEFENSE**

9.      If any of the unlawful acts or omissions alleged in the Complaint were engaged in by Shake Shack, which it specifically denies, Shake Shack did not do so "willfully."  Pursuant to section 6(a) of the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 255(a), Plaintiff's claims under the FLSA are barred, in whole or in part, and recovery is precluded by the statute of limitations.

**TENTH DEFENSE**

10.      The Complaint is barred, in whole or in part, because Plaintiff cannot demonstrate that she is entitled to recover liquidated damages pursuant to the FLSA or NYLL.  At all times relevant to this action, Defendant acted in good faith, on reasonable grounds and with the reasonable belief that it was in full compliance with the FLSA and NYLL, and their implementing rules and regulations.

**ELEVENTH DEFENSE**

11.      Defendant did not willfully commit any alleged violation of the NYLL or its implementing rules or regulations. Any alleged acts or omissions of Defendant were undertaken or made in good faith, and Defendant had reasonable grounds for believing its acts or omissions did not violate applicable law.

24

## TWELFTH DEFENSE

12.     Defendant did not maintain any unlawful policy, custom, practice or procedure, as alleged in Plaintiff's Complaint, and Plaintiff's alleged damages were not caused by any unlawful policy, custom, practice, or procedure maintained, promulgated or permitted by Defendant.

## THIRTEENTH DEFENSE

13.     The action is not a proper class action or collective action, and it cannot be certified as such.

## FOURTEENTH DEFENSE

14.     This action cannot be maintained as a collective action because it fails to meet the requirements of 29 U.S.C.§ 216(b) and applicable case law.

## FIFTEENTH DEFENSE

15.     This action cannot be maintained as a class action pursuant to Federal Rules of Civil Procedure Rule 23 or New York law, or as a collective action pursuant to 29 U.S.C. § 216(b) because Plaintiff's allegations require individualized inquiry. Such individual analyses predominate over common questions which defeat the legality and utility of a purported class action or collective action.

## SIXTEENTH DEFENSE

16.     Plaintiff cannot bring this action in a representative capacity because she is not "similarly situated" to the members of the putative class action or collective action she purports to represent in this action.

## SEVENTEENTH DEFENSE

17.     Plaintiff is not an adequate representative of the members of the alleged putative class for purposes of satisfying Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTEENTH DEFENSE

18.     This action is not appropriate for class certification under Rule 23 of the Federal Rules of Civil Procedure because Plaintiff's claims are not typical of the claims of the members of the alleged putative class.

## NINETEENTH DEFENSE

19.     This action is not appropriate for class certification under Rule 23 of the Federal Rules of Civil Procedure because the facts and law common to the case are insignificant compared to the individual facts and issues particular to Plaintiff and the members of the alleged putative class.

## TWENTIETH DEFENSE

20.     This action is not appropriate for class certification under Rule 23 of the Federal Rules of Civil Procedure because Plaintiff cannot demonstrate the class is so numerous that joinder of all members of the putative class is impracticable.

## TWENTY-FIRST DEFENSE

21.     Class action treatment under Rule 23 of the Federal Rules of Civil Procedure is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and the claims of the members of the putative collective and class action.

## TWENTY-SECOND DEFENSE

22.     Plaintiff is barred from recovering any damages, or any recovery must be reduced by virtue of her failure to exercise reasonable diligence to mitigate her alleged damages.

## TWENTY-THIRD DEFENSE

23.     Defendant opposes collective action and class action certification and disputes the propriety of collective or class treatment of this action.  If the Court certifies a collective or class action in this action over Defendant's objections, then Defendant asserts the applicable denials and affirmative defenses set forth herein against each and every member of the certified collective action or class action.

## TWENTY-FOURTH DEFENSE

24.     Claims under the FLSA are not subject to pre-judgment interest.  In the alternative, Plaintiff and the members of the purported collective action may not recover liquidated damages and prejudgment interest because such relief would amount to a double recovery.

## TWENTY-FIFTH DEFENSE

25.     Plaintiffs cannot prove any uniform policy or practice in violation of the FLSA, nor that any alleged injuries were caused by any such unlawful policy, custom, practice, and/or procedure that was purportedly promulgated by Defendant.

27

## TWENTY-SIXTH DEFENSE

26.     To the extent Plaintiff alleges she performed work activities that she did not record as work and for which she was not paid, Defendant did not permit, know of, or have reason to know of those work activities or the time spent in performing those activities.  Therefore, time spent performing such activities does not constitute "hours worked" or "employment" for which compensation is due.

## TWENTY-SEVENTH DEFENSE

27.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, estoppel, consent, unclean hands, laches, and/or after-acquired evidence.

## TWENTY-EIGHTH DEFENSE

28.     The Complaint is barred, in whole or in part, because the time for which compensation is sought was spent performing tasks that are neither principal activities nor integral and indispensable to principal activities and/or is *de minimis*, and therefore is not compensable under the FLSA or any other law or regulation.

## TWENTY-NINTH DEFENSE

29.     Plaintiff's claims and the claims of putative class action members for wage notice violations pursuant to Section 195 of the NYLL are barred, in whole or in part, because Shake Shack made complete and timely payment of all wages due under the NYLL.  N.Y. Lab. Law § 198(1)-b.

## THIRTIETH DEFENSE

30.     Plaintiff's claims and the claims of putative class action members for wage statement violations pursuant to Section 195 of the NYLL are barred, in whole or in part, because

28

Shake Shack made complete and timely payment of all wages due under the NYLL.  N.Y. Lab. Law § 198(1)-d.

## THIRTY-FIRST DEFENSE

31.     Plaintiff's claims and the claims of members of the putative collective under state law are preempted by the FLSA.

## THIRTY-SECOND DEFENSE

32.     The Complaint is barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, claim preclusion, issue preclusion, or judicial estoppel, or any combination of these doctrines.

## THIRTY-THIRD DEFENSE

33.     Plaintiff lacks standing to pursue the claims alleged in the Complaint, in whole or in part.

## THIRTY-FOURTH DEFENSE

34.     At all relevant times hereto, Plaintiff's compensation has been in accordance with each and every provision of the FLSA and NYLL.

## THIRTY-FIFTH DEFENSE

35.     Plaintiff's claims are barred, in whole or in part, because all of Shake Shack's decisions regarding Plaintiff were based on legitimate, non-discriminatory, non-retaliatory business considerations, were neither arbitrary nor capricious, and were undertaken in good faith and in compliance with all applicable laws, rules, and regulations.

29

## THIRTY-SIXTH DEFENSE

36.     At no point during her employment was Plaintiff treated less well than any co-workers or counterparts because of her age, familial status, caregiver status, or any other protected status.

## THIRTY-SEVENTH DEFENSE

37.     At all times relevant to the acts alleged in the Complaint, Shake Shack's actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

## THIRTY-EIGHTH DEFENSE

38.     Plaintiff has not engaged in any protected activity covered by any federal, state, or local law.

## THIRTY-NINETH DEFENSE

39.     The conduct complained of may consist of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences.

## FORTIETH DEFENSE

40.     Shake Shack exercised reasonable care to prevent and promptly eliminate any alleged harassing behavior.

## FORTY-FIRST DEFENSE

41.     Shake Shack did not have knowledge of any alleged harassment nor was it reasonable for Shake Shack to have had such knowledge.

## FORTY-SECOND DEFENSE

42.     Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Shake Shack to its employees or to otherwise avoid harm.

**FORTY-THIRD DEFENSE**

43.    Imposing penalties upon Defendant based on the facts alleged would violate the substantive due process provision of the Fifth and Fourteenth Amendments and the excessive fines provision of the Eighth Amendment.

**FORTY-FOURTH DEFENSE**

44.    Shake Shack would have taken the same actions toward Plaintiff in the absence of any alleged impermissible motivating factors, of which there were none.

**FORTY-FIFTH DEFENSE**

45.    Shake Shack asserts that Plaintiff and/or putative class or collective action members are from pursuing any and all claims asserted in this action that have been settled and resolved by the court-approved settlement agreement entered in in *Tyson v. Shake Shack Enterprises, LLC* (N.Y. Sup. Ct. Index No. 514220/2022).

**ADDITIONAL AFFIRMATIVE DEFENSES**

1.    Defendant has insufficient information upon which to form a belief as to whether it may have additional unstated affirmative defenses.  Defendant reserves the right to assert additional affirmative or other defenses in the event discovery indicates they are appropriate.

2.    Expressly denying any wrongdoing on their part and expressly denying that Plaintiffs have been damaged as alleged, Defendant states that Plaintiffs have not been damaged in the manner or to the extent alleged in the Complaint.

3.    This Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  Among other considerations, the case will involve numerous complicated and unsettled issues of New York law that will predominate over the federal law questions in this action.

4.      Allowing this case to proceed on a collective or class basis without permitting Defendant to present evidence and defenses specific to each member of a collective or class would deny Defendant its right to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution.

5.      Allowing this case to proceed on a collective or class basis in a manner that does not allow Defendant the opportunity to present its defenses in a full and fair manner consistent with Due Process would violate the Seventh Amendment to the United States Constitution either by depriving Defendant of a meaningful trial by jury or by violation the Reexamination Clause.

6.      All or part of the claims of Plaintiff and/or putative class or collective action members are or may be barred, in whole or in part, by the principles of accord and satisfaction, and payment.

7.      All or part of the claims of Plaintiff and/or putative class or collective action members are barred to the extent that Plaintiff and/or putative class or collective action members seek recovery for time that is not compensable work time.

8.      Defendant reserves the right to amend this Answer to assert additional defenses that become apparent as the case progresses.

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury with respect to all issues so triable.

**WHEREFORE**, Defendant respectfully requests that the Court determine that this case is not appropriate for class or collective action treatment, conclude that neither Plaintiff nor any other party is entitled to any relief from Defendant whatsoever, enter judgment in favor of Defendant, award Defendant its cost of suit and such other relief as the Court deems appropriate, and dismiss this action with prejudice.

Dated: May 19, 2025

EPSTEIN BECKER & GREEN, P.C.


By: ___*/s/ Jeffrey H. Ruzal*___
          Jeffrey H. Ruzal

Jeffery H. Ruzal
Christopher Coyne
875 Third Avenue
New York, New York 10022
Tel: (212) 351-4628
Fax: (212) 878-8600
JRuzal@ebglaw.com
CCoyne@ebglaw.com

Attorneys for Defendant
Shake Shack Enterprises LLC

33